**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| CITY OF PEABODY, MASSACHUSETTS, individually and on behalf of a class of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> 3M COMPANY (F/K/A MINNESOTA MINING AND MANUFACTURING COMPANY), *et al*., <br><br> Defendants. | Case No.: 25-cv-2083-JMB-SGE |

**REPLY IN SUPPORT OF DEFENDANTS EIDP, INC. F/K/A E. I. DU PONT DE NEMOURS AND COMPANY; DUPONT DE NEMOURS, INC.; THE CHEMOURS COMPANY; THE CHEMOURS COMPANY FC, LLC; AND CORTEVA, INC.'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Defendants EIDP, Inc. f/k/a/ E. I. du Pont de Nemours and Company; DuPont de Nemours, Inc.; The Chemours Company; The Chemours Company FC, LLC; and Corteva, Inc. (collectively, "Moving Defendants") submit under Local Rule 7.1(c)(3) this Reply in Support of their Motion to Dismiss.

**ARGUMENT**

**I. Peabody Lacks Standing.**

As an initial matter, Plaintiff fails to provide any basis for its ability to bring personal injury claims on behalf of the City's residents. Dkt. 173 ("Mov. Defs. Mem.") at 7-8 (noting that Plaintiff, a municipality, has no standing to bring personal injury claims because it can

1

suffer no personal injury); Dkt. 175 ("Pl. Opp.") at 5-9. As Plaintiff did not address this argument, this point is conceded and the Court should dismiss all personal claims Plaintiff asserts. *See Taaffe v. Am. Federation of Gov.Employees, Loc. 1969*, 2024 WL 363754, at *3 (D. Minn. 2024) (Plaintiff's failure to respond to dismissal arguments targeting specific claims permitted the court to "deem those claims abandoned and forfeited.")

Plaintiff otherwise argues that certain allegations sufficiently establish traceability from Plaintiff's injuries to the Moving Defendants. Pl. Opp. at 6-7. In particular, Plaintiff claims that it alleges "DuPont has been the dominant supplier of numerous PFAS chemical finishes since 2002 and that Turnout Gear is manufactured with DuPont's materials." Pl. Opp. at 7 (citing Compl. ¶¶ 32, 133). However, the cited paragraphs do not support Plaintiff's argument. Paragraph 32 merely alleges that Moving Defendants "replaced 3M as the dominant supplier" of certain PFAS. This allegation does not allege the presence of Moving Defendants' PFAS in Turnout Gear, much less Turnout Gear that Plaintiff purchased. As for Paragraph 133, that paragraph only contains alleged statements by Moving Defendants concerning "Turnout Gear manufactured with [Moving Defendants'] materials." As with Paragraph 32, this allegation does not allege the presence of Moving Defendants' products in Turnout Gear Plaintiff purchased.

As stated in Moving Defendants' original motion, Plaintiff's complaint never alleges that the Globe turnout gear Plaintiff allegedly purchased specifically contains "PFAS Chemical Finishes" produced by the Moving Defendants. Mov. Defs. Mem. at 6 (citing Compl. ¶ 21 ("All PFAS Turnout Gear purchased by Plaintiff . . . contains PFAS Chemical Finishes designed . . . by *at least one, and often both*, PFAS Chemical Finish

Defendants.) (emphasis added). Plaintiff fails to address this fundamental issue in its pleadings, and Plaintiff's additional reliance on the allegations concerning "Defendants" in the collective cannot establish traceability. Pl. Opp. at 7 (citing to Compl. ¶¶ 47-49, 18-40, 54, 89-118, 149, 3-4, 6, 14, 54-72, 169, 180-86, 207-17). Such collective allegations fail to establish the necessary link between any of Moving Defendants' products and the Globe turnout gear that Plaintiff allegedly purchased.

## II.    The Court Lacks Jurisdiction Over Defendants.

In its opposition, Plaintiff does not contest that none of the Moving Defendants are either Minnesota corporations or have their principal places of business in Minnesota. Pl. Opp. at 9. Nor does Plaintiff respond to Moving Defendants' argument that the Court lacks specific personal jurisdiction over the Moving Defendants. Instead, Plaintiff relies entirely on the Eighth Circuit's interpretation of business registration statutes as a basis for general jurisdiction over the Moving Defendants. While Moving Defendants recognize that the Eighth Circuit has held that business registration amounts to consent to general jurisdiction, Moving Defendants contend that such an interpretation violates the United States Constitution.[1] Pl. Opp. at 9-10. Plaintiff did not address these arguments. [2]

---

[1] Moving Defendants acknowledge that courts within the Eighth Circuit consider *Knowlton* to continue to be good law and submit these arguments for appellate preservation. *See, e.g.*, *Shawgo v. Counter Brands, LLC*, No. 24-CV0556 (PJS/TNL), 2025 WL 965096, at *4 (D. Minn. Mar. 31, 2025).

[2] DuPont de Nemours, Inc. is not registered to do business in Minnesota. As such, Plaintiff is left to rely on specific jurisdiction over DuPont de Nemours, Inc., but Plaintiff did not address DuPont's specific jurisdiction arguments. However, should the Court determine there is personal jurisdiction over EIDP, Inc., DuPont de Nemours, Inc. will not challenge personal jurisdiction.

**III.    Peabody's Complaint Otherwise Fails to State a Claim.**

**A.  Massachusetts Consumer Protection Act Claim**

Plaintiff admits that it sent no written demand for relief prior to filing its initial (corrected) Complaint, which included Massachusetts consumer-protection law. Pl. Opp. at 14. Plaintiff considers this fact "of no importance." Pl. Opp. at 14. However, when the letter of the law states that the demand letter is a "prerequisite to suit" and is a "special element," Moving Defendants cannot agree. *Entrialgo v. Twin City Dodge, Inc.*, 333 N.E.2d 202, 204 (Mass. 1975).

The Moving Defendants otherwise adopt and incorporate Section II.B.2 of Defendant 3M Company's Reply, filed this same day.

**B. Peabody's Remaining Claims Fail for the Reasons Detailed by Defendant 3M.**

Plaintiff's opposition predominately provides the same response to both Defendant 3M Company's motion to dismiss and the Moving Defendants' motion to dismiss, as such, the Moving Defendants adopt and incorporate Sections II.B.3-6 of Defendant 3M Company's Reply in Support of its Motion to Dismiss, filed this same day, relating to Plaintiff's strict liability, fraud, negligence, and unjust enrichment claims.

## CONCLUSION

For these reasons, and for the reasons stated in Moving Defendants' motion to dismiss, the Court should dismiss Plaintiff's claims with prejudice.

Dated: June 9, 2026

**Anthony Ostlund Louwagie Dressen & Boylan P.A.**

*/s/ Arthur G. Boylan*
Arthur G. Boylan (MN #338229)
60 South Sixth Street, Suite 3900
Minneapolis, MN 55402
Telephone: (612) 349-6969
aboylan@anthonyostlund.com

Andrew Carpenter (*pro hac vice forthcoming*)
Brent Dwerlkotte (admitted *pro hac vice*)
Shook, Hardy & Bacon, LLP
2555 Grand Boulevard
Kansas City, MO 64108
Tel: (816) 474-6550
Fax: (816) 421-5547
acarpenter@shb.com
dbdwerlkotte@shb.com

*Attorneys for Defendants EIDP, Inc., f/k/a E.I. du Pont de Nemours and Company, The Chemours Company, The Chemours Company FC, LLC, DuPont de Nemours, Inc., and Corteva, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on June 9, 2026, I electronically filed the foregoing with the Clerk of Court using the Court's electronic filing system, which will automatically send e-mail notification of such filing to all attorneys of record.

/s/ *Arthur G. Boylan*
Arthur G. Boylan